UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE J. JOHNSON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>EXECUTIVE OFFICE FOR THE )<br>UNITED STATES ATTORNEYS, )<br>)<br>    Defendant. )<br>_____) | No. 06-0424 (RBW) |

**DEFENDANT'S MOTION FOR AN ENLARGEMENT
OF TIME TO RESPOND TO THE COMPLAINT
AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, Defendant Executive Office for the United States Attorneys, through counsel, respectfully moves this Court to enlarge the time within which it may answer or otherwise respond to the Complaint by two weeks, from June 16, 2006 to June 29, 2006.  This is defendant's third request for an extension in this matter.

In support of this Motion, undersigned counsel has learned that, as of Wednesday, June 13, all information necessary to provide an adequate Vaughn Index has been provided to agency counsel at the Executive Office for the United States Attorneys.  However, agency counsel is out of the office this week and unable to complete the Vaughn Index.  Defendant anticipates that agency counsel will return to the office on Monday, June 19, at which time he can complete the Vaughn Index.  Until such time as undersigned counsel receives the Vaughn Index, however, it is impossible to prepare the file defendant's dispositive motion.  The requested two-week extension will provide the necessary time for counsel to do so.

Because plaintiff is a <u>pro se</u> prisoner, counsel has not conferred with plaintiff to determine his position on this motion.[1]

June 14, 2006                              Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, DC BAR #451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 307-1249
(202) 514-8780 (facsimile)

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with <u>pro se</u> parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner <u>pro se</u> parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner <u>pro se</u> parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* <u>pro se</u> party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 14, 2006, I placed a true and correct copy of the foregoing in the United States Mail for delivery by First Class Mail, postage prepaid, to:

DUANE J. JOHNSON
No. 09202-007
FCI Petersburg
PO Box 90043
Petersburg, VA 23804

                                                        /s/
                                            JOHN F. HENAULT
                                            Assistant United States Attorney