IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUANE JOSEPH JOHNSON, )
)
Plaintiff, )
)
v. )
) Civil Action No. 1:06-CV-00424-RBW
UNITED STATES DEPARTMENT OF )
JUSTICE and EXECUTIVE OFFICE OF )
UNITED STATES ATTORNEYS, )
)
Defendants. )
_____)

### DECLARATION OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the reviewing of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of correspondence related to requests, reviewing of searches conducted in response to requests, locating of responsive records, preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Duane Johnson. I have reviewed the complaint which this Declaration addresses.

## CHRONOLOGY

4. On January 6, 2005, EOUSA received a FOIA request from Plaintiff asking for "the discovery request made by attorney Frederick J. Sullivan" and "the medical examiner Dr. Humphrey Den Germaniuks' expert opinions". **Exhibit A**.

5. EOUSA acknowledged Plaintiff's request and provided him with a FOIA reference number concerning the search, No. 05-95, by letter dated January 18, 2005. The Plaintiff was also informed that his request will be processed in the order that it was received and could take more time to process than the statutory period. **Exhibit B**.

6. By letter dated August 3, 2005, Plaintiff inquired about the status of his FOIA request and urged that it be processed "with a bit more zeal." **Exhibit C**.

7. By letter dated September 1, 2005, EOUSA informed Plaintiff that due to the large number of requests it has been unable to process the request by this time. Plaintiff was informed that he can appeal this decision and provided contact information for the Office of Information

and Privacy, ("OIP"). **Exhibit D.**

8. On September 22, 2005, OIP received Plaintiff's appeal. **Exhibit E.**

9. After filing his appeal with the OIP, Plaintiff was informed by that office that OIP has received it and that it has assigned to it appeal No. 05-2841. **Exhibit F.**

10. To this day OIP has been unable to rule on Plaintiff's appeal due to the fact that there was no determination made by EOUSA. The cause of this was unavailability of records. Finally a thorough search of the United States Attorneys Office for the District of Columbia has proved successful in locating 10 pages of records relating to Plaintiff.

11. By the end of June 21, 2006, Plaintiff will be provided with records responsive to his request amounting to 3 pages of records which will be released in full ("RIF"). **Exhibit G.**

12. The remaining 7 pages of records are non-responsive to Plaintiff's request and will be withheld in full ("WIF").

## ADEQUACY OF THE SEARCH

13. After receiving Plaintiff's FOIA request (**Exhibit A**), EOUSA undertook the search for documents responsive to Plaintiff's FOIA request. Upon receiving Plaintiff's FOIA request, the EOUSA forwarded the request to the FOIA Contact for the District of Columbia. Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office. The FOIA Contact began a systematic search for records on Duane Johnson to determine the location of any and all files relating to him in order to comply with the request. FOIA Contact searched for records from the case files in that case. The FOIA Contact for the District of Columbia informed EOUSA that records responsive to Plaintiff's request were found in that office.

14. To accomplish the search, the FOIA Contacts looked for records in the computer tracking system for the USAO/DC that were listed under the name "Johnson". The FOIA Contact used a computer case tracking system in the U.S. Attorney's Office to determine all possible locations of responsive files.

15. The systems utilized in searching for records pertaining to Plaintiff were the Public Access to Court Electronic Records ("PACER"), and the Legal Information Office Network System ("LIONS"). The LIONS system is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. By use of the LIONS system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number. In this case, the FOIA Contact used the LIONS system to locate records based upon the name "Johnson".

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

16. All documents responsive to Plaintiff's FOIA request have been located in the United States Attorneys Office for the District of Columbia, ("USAO/DC"). The records are maintained in the Criminal Case File System (Justice/USA-007) entitled <u>United States v. Duane Johnson</u>. The case pertains to the investigation, prosecution, and conviction of the Plaintiff for his crimes involving the distribution of crack cocaine and murder.

17. There are no other records systems or locations within the District of Columbia in which other files pertaining to Plaintiff's criminal case, were maintained.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

18. EOUSA processes all requests made by individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by law. Criminal case files maintained by U.S. Attorney's Offices are part of the DOJ Privacy Act System of Records. The Attorney General has promulgated regulations at 28 C.F.R. §16.81(a)(1) which exempt U.S. Attorney's Office criminal case files (known as Justice/USA-007 files) from the PA's access provisions as authorized by 5 U.S.C. §552a(j)(2). Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. Since Plaintiff's entire request pertains to criminal investigations, the materials were necessarily compiled for law enforcement purposes. Therefore, EOUSA determined that the responsive records withheld were not disclosable under the PA. Accordingly, EOUSA next reviewed the records under the provisions of the FOIA.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA
### EXEMPTION 5 U.S.C. §552(b)(5)

19. Exemption (b)(5) protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. Principally, there are three such privileged documents or communications protected by this exemption: attorney work product, deliberative process, and attorney-client.

20. EOUSA asserted this exemption to protect information pursuant to the attorney work product and deliberative process privileges to 6 out of the 7 pages that were withheld in

full.

21. The records or portions of records to which the attorney work product privilege was applied reflect such matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions pertinent to Plaintiff's criminal case. The records contain deliberatinos concerning asset forfeiture decisions. The records were prepared by or at the request or direction of an attorney, and made in anticipation of or during litigation. The substance of the records withheld in part or in their entirety are exempt from disclosure pursuant to this privilege.

22. In addition, these same records, in certain instances, contain deliberative process of the United States Attorney's Office and other federal and state agencies in their consideration of possible criminal actions against the Plaintiff. To disclose this information would reveal pre-decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies. Disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making. The attorney work product and deliberative process are so interwoven as to make it all, in essence, attorney work product.

23. In this case, the 6 pages appear to be a written closing statement of an attorney preparing his case. The pages contain handwritten notes on the margins and none of the content is responsive to Plaintiff's FOIA request.

### EXEMPTION 5 U.S.C. §552(b)(7)(C)

24. Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All information at issue in this case

was compiled for law enforcement purposes in order to assist in the investigation and prosecution of Duane Johnson.

25. Exemption (b)(7)(C) was applied to withhold the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted efforts to gain further access to such persons or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences, all to their detriment. EOUSA determined that information contained in such references could not be disclosed and should be deleted and segregated in all the documents to which this exemption was applied.

26. EOUSA determined that there was no public interest in the release of this privacy-protected information because dissemination of the information would not help explain the activities and operations of the EOUSA or the United States Attorney's office. No public interest would counterbalance the law enforcement and third party individuals' privacy right in the information withheld under this exemption. Moreover, no individual provided any authorization or consent to disclose such information.

27. The single page falling under this exemption contained a medical examiner's notes relating to the cause of death of the victim as well as other personal information.

## SEGREGABILITY

28. Each document, and each page contained in each document, was evaluated for segregability. All information withheld was exempt from disclosure pursuant to a FOIA

exemption. Where a document was withheld in its entirety, EOUSA determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole. Plaintiff was provided with all information which did not reveal information protected by statute or which, if disclosed, would violate the personal privacy of third parties. The documents withheld in full by EOUSA were carefully analyzed for segregability purposes. No reasonably segregable non-exempt information was withheld from Plaintiff.

## CONCLUSION

29. Each step in the handling of Mr. Johnson's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26th, 2006.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

EOUSA/FOIA/PA

December 13, 2004

05 JAN -5 PM 4:22

Robert Okun, Esq.
Chief, Special Proceedings
U.S. Attorney's Office
555 fourth Street, N.W.
Washington, DC 20001

    Re: Freedom of Information Act (FOIA) Request.

Dear Attorney Okun:

  Under the provisions of the Freedom of Information Act, Title 5 U.S.C. § 552, I am requesting access to the following records:

  1) The discovery request made by attorney Frederick J. Sullivan in the <u>United States v. Duane Johnson</u>, case No. F-4696-94 pursuant to <u>Rosser v. United States</u>, 381 A.2d 598, 605 n. 6 (D.C. 1977), rule 16, Superior Court Rules Criminal Rules and, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963);

  2) The Medical Examiner Dr. Humphrey Don Germaniuks' expert opinions, the bases and reasons for those opinions, and his qualifications that were provided in Assistant United States Attorney Steven S. M<sup>c</sup>Cool Discovery packet requested by attorney Frederick J. Sullivan prior to trial in Case No. F-4696-94.

  If there are any fees for searching for, or copying, the records I have requested, please supply the records without informing me, if the fees do not exceed $25.00, otherwise I'd be obliged if you'd inform me of the fees before

A

you fill the request.

If all or any part of this request is denied, please cite the specific exemption(s) that you think justifies your refusal to release the information, and inform me of the appeal procedures available to me under the law. If you are not the appropriate agent capable of satisfying this request, I ask that you forward my request to the appropriate official or agency.

I would appreciate your handling this request as quickly as possible, and I look forward to hearing from you within 10 Days, as the law stipulates.

Sincerely,

Duane Johnson
Reg. #09202-007
U.S.P. Big Sandy
P.O. BOX 2068
INEZ, KY 41224

12/16/04

LORI RIGSBY
Notary Public, State at Large, Kentucky
My Commission Expires 07/36/07

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

JAN 18 2005

Request Number: 05-95

Subject: Self (Discovery request & expert opinions)

Requester: Duane Johnson

Dear Requester:

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

Marie A. O'Rourke
Assistant Director

Form No. 001 - 9/03

B

RECEIVED
2005 AUG 10 AM 10:54
DEPT OF JUSTICE/EOUSA
FOIA/PRIVACY UNIT

DUANE JOHNSON
Reg. #09202-007
USP BIG SANDY
P.O. Box 2068
INEZ, KY 41224

August 3, 2005

Marie A, O'Rourke
Assistant Director
Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530

Re: Request Number: 05-95 Self(Discovery request)

Dear Ms. O'Rourke:

My name is Duane Johnson. This letter seeks to ascertain the status of the above referenced request number. I've developed a substantial concern due to the elapsed time period from the time you have acknowledge receipt of my FOIA/PA request up until now. Since my request did not fall within the realm of a "Project Request" or the like. It is my understanding that a nominal request such as the one I presented would have been executed with a bit more zeal. I expect to move for summary judgment in the United States District Court for the District of Columbia within a month (20 working days) upon your receipt of this certified correspondence. If I hear from you prior to the expiration of the 20 working days, I'll consider a more less burdensome course if the content of your correspondence is reasonable. I look forward to hearing from you soon.

Very truly yours,

Duane Johnson

DJJ
Enclosure

CC:   Deborah Golden, Esq. (W/encl.)



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757 Fax 202-616-6478*

SEP - 1 2005

Requester: Duane Johnson        Request Number: 05-95

Subject of Request: Self (discovery request & expert opinions)

Dear Requester:

    This is in response to your recent letter/telephone call regarding the status of your pending Freedom of Information Act/Privacy Act request.

    Due to the large number of requests received by the Executive Office for United States Attorneys and the limited resources available to process such requests, this office has been unable to process your request as of this date.

    In order to process all requests as equitably as possible, this office has adopted a "first-in-first-out" policy of processing all incoming requests. This policy complies with the decision in Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976) and is applied consistently by this office. Your request is being handled as equitably as possible and all records which can be released will be made available at the earliest possible date.

    You may appeal my decision in this matter by writing within sixty (60) days to:

        Office of Information and Privacy
        United States Department of Justice
        Flag Building, Suite 570
        Washington, D.C. 20530

    Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

    After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

                      Sincerely,

                      Marie O'Rourke
                      Assistant Director

Form No. 013 - 6/02

Duane Johnson
Reg. #09202-007
USP BIG SANDY
P.O. Box 2068
INEZ, KY 41224

September 13, 2005

FOIA Appeal
Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

Re: Request No.: 05-95

Dear Sir/Madam:

My name is Duane Johnson. This letter seeks to notify this office that I appeal the Executive Office for the United States Attorney September 1, 2005 decision in the above referenced request number. My request was acknowledged by the EOUSA January 18, 2005. Upon information and belief similar request filed subsequent to my request were fulfilled prior to completing the above referenced request. Such random practice is in conflict with the teaching set forth in Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976). If I don't hear from this office within a month (20 working days). I'll be filing for judicial review in the United States District Court for the District of Columbia.

Very truly yours,

[signature]

**RECEIVED**

SEP 22 2005

Office of Information and Privacy

U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642　　　　　Washington, D.C. 20530

SEP 23 2005

Mr. Duane Johnson
Register No. 09202-007
United States Penitentiary - Big Sandy
P.O. Box 2068
Inez, KY 41224

　　　　Re:  Request No. 05-95

Dear Mr. Johnson:

　　　　This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on September 22, 2005.

　　　　The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-2841**. Please mention this number in any future correspondence to this Office regarding this matter.

　　　　We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　Priscilla Jones
　　　　　　　　　　　　　　　　　　Chief, Administrative Staff

EOUSA

F

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :   Criminal No. F-4696-94
        vs.                       :
                                  :
Duane J. Johnson                  :

**REQUEST FOR DISCOVERY AND INSPECTION UNDER SUPERIOR COURT CRIMINAL RULE 16; REQUEST FOR ALL JENCKS ACT STATEMENTS PURSUANT TO 18 U.S.C. §3500 (1970); REQUEST FOR EXCULPATORY EVIDENCE PURSUANT TO BRADY v. MARYLAND, 373 U. S. 83 (1963); REQUEST FOR IMPEACHMENT EVIDENCE PURSUANT TO LEWIS v. U. S., 407 A.2d 303 (1979); REQUEST FOR EVIDENCE OF PROSECUTORIAL LENIENCY PURSUANT TO GIGLIO v. U. S., 405 U. S. 150 (1972); REQUEST FOR ALL "OTHER CRIMES" EVIDENCE PURSUANT TO DREW v. UNITED STATES, 118 U. S. APP. D. C. 11, 331 F.2d 85 (1964); REQUEST FOR PRIOR AND SUBSEQUENT "BAD ACTS" EVIDENCE PURSUANT TO TOLIVER v. UNITED STATES, 468 A.2d 958 (D. C. 1983)**

### Rule 16

Counsel for Defendant hereby formally requests that the attorney for the government permit him to inspect and copy or photograph any book, examination result, paper, document, tangible object or statement, oral or written, which is in the government's possession or the existence of which is known or should be known by the government and which may be material to the preparation of his defense. This request is for all material which is properly discoverable under Rule 16 and is not limited by or to the above mentioned items. Counsel further requests that the attorney for the government confirm in writing either that all such material has been produced, listing such material produced, or that certain material is being withheld pending Court determination, listing all material withheld.

### Jencks Act

Counsel further requests that all Jencks Act (18 U.S.C. §3500) statements be turned over to him either before trial or after the direct testimony of any witness. This request is continuing and failure to produce statements, whether or not such request is renewed at trial, shall be deemed a denial by the attorney for the government that such statements exist. Counsel further requests that the attorney for the government confirm in writing either that all such material has been produced before trial, listing all such material produced, or that all such material will be produced at trial, listing all such material to be produced, or that certain material is being withheld, listing all such material withheld

RTHY & SULLIVAN
W OFFICES
7 SADLER LANE
MARYLAND 20715
464-0500

### Brady Request

Counsel further requests that all evidence, either tangible or intangible, which falls within the ambit of Brady v. Maryland, 373 U. S. 83 (1963), which is known, ascertainable, or in the possession of the government, be turned over to him. This request includes the names and addresses of any witnesses known to the government who can give or know of exculpatory evidence. Counsel further requests that such material has been produced, listing such material produced, or that certain material is being withheld pending Court determination, listing all material withheld.

### Giglio Request

Counsel requests that any evidence of prosecutorial leniency given in return for testimony be revealed to him.

### Lewis Request

Counsel requests disclosure by the government of all impeachable convictions of government witnesses including juvenile adjudications which would imply witness bias against Defendant.

### Drew Request

Counsel requests that the government provide in writing all information that it intends to introduce against Defendant at trial. Such information shall include, but not be limited to:

> the "other crime(s)" and the applicable Drew exception relied upon for each; the evidence linking the Defendant to the other crime(s); the material issue(s) that the Drew evidence tends to prove and the reliability of such evidence; the probative value and necessity for such evidence.

### Toliver Request

Counsel requests that the government disclose in writing all evidence of prior and subsequent "bad acts" and statements of the Defendant that it may introduce at trial. Such disclosure shall include an explanation of the relevance of the evidence to the issues of the case, as well as identifying the material issues relied upon.

2

## CERTIFICATE OF SERVICE

I hereby certify that this request was hand delivered to Assistant United States Attorney, _F&hC_ this _25th_ day of _October_, 19_85_.

_[signature]_
Attorney for Defendant

## POINTS AND AUTHORITIES

1. Superior Court Criminal Rule 16
2. 18 U.S.C. §3500 (1970)
3. <u>Rosser</u> vs. <u>United States</u>, 381 A.2d 598 (1977)
4. <u>Brady</u> v. <u>Maryland</u>, 373 U. S. 83 (1963)
5. <u>Lewis</u> v. <u>U. S.</u>, 407 A.2d 303
6. <u>Giglio</u> v. <u>U. S.</u>, 405 U. S. 150 (1972)
7. <u>Drew</u> v. <u>United States</u>, 118 U. S. App. D. C. 11, 331 F.2d 85 (1964)
8. <u>Toliver</u> v. <u>United States</u>, 468 A.2d 958 (D. C. 1983)

ARTHY & SULLIVAN
LAW OFFICES
2427 SADLER LANE
RE. MARYLAND 20715