## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DUANE JOSEPH JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0424 (RBW) |
| | ) | |
| EXECUTIVE OFFICE FOR | ) | |
| UNITED STATES ATTORNEYS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

Defendant Executive Office of the United States Attorneys ("EOUSA") files the following reply in support of summary judgment.

## I.    DEFENDANT PRODUCED ALL RESPONSIVE, NON-EXEMPT INFORMATION TO PLAINTIFF

Plaintiff argues that defendant has not provided him with all responsive, nonexempt information.  See Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp.") at 1; Plaintiff's Statement of Genuine Issues of Material Fact ("PSMF") at ¶¶ 1, 2; Plaintiff's Declaration in Opposition to Defendant's Motion for Summary Judgment ("Pl. Decl. Opp.") at ¶ 2.  Contrary to this unsupported assertion, the record in this case indicates that defendant has provided *all* non-exempt responsive information to plaintiff.

Plaintiff's December 13, 2004 FOIA request specifically asked for two items: (1) "the discovery *request* made by attorney Frederick J. Sullivan" and (2) "the medical examiner Dr. Humphrey Den Germaniuks' *expert opinions*."  See Defendant's Statement of Material Facts Not in Genuine Dispute ("DSMF") at ¶ 1 (emphasis added).  On June 21, 2006, plaintiff was provided with *all* records responsive to his request, amounting to three (3) pages of records

which were released in full.  DSMF at ¶ 12.  This material fully satisfied the first part of

plaintiff's request because the document is the exact information that plaintiff sought – the

discovery **request** made by Attorney Frederick J. Sullivan in <u>United States v. Duane Johnson</u>,

case No. F-4696-94, made pursuant to <u>Rosser v. United States</u>, 381 A.2d 598, 605 n. 6 (D.C.

1977), Rule 16, Superior Court Criminal Rules, and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

<u>See</u> Exhibit A of Complaint.

  Since the first part of plaintiff's request was fully satisfied, the remaining seven pages

could only apply to the request's second part.  The second part of plaintiff's request narrowly

focused on Dr. Germaniuks' expert opinions and qualifications.  The remaining seven pages,

uncovered by defendant's search, are comprised of: (1) six pages of a written closing statement

by a prosecuting attorney preparing his case (Defendant's Motion for Summary Judgment

("DMSJ") Exhibit ("Exh.") 1 at ¶ 23), and (2) one page of medical examiner's **notes**.  <u>See</u>

DMSJ, Exh. 1 at ¶ 27.  Contrary to plaintiff's bald assertion that the remaining seven pages are

responsive to his request, PSMF at ¶ 3, these pages are both **unresponsive** and **exempt** from

disclosure.

  The six page attorney closing statement is unresponsive to plaintiff's requests and exempt

under 5 U.S.C. § 552(b)(5).  DMSJ, Exh. 1 at ¶¶ 19-23.  This document does **not** constitute an

expert opinion by Dr. Germanikus' and it neither mentions his qualifications nor the reasons for

his opinion.  <u>See</u> DMSJ, Exh. 1 at ¶ 23 ("The pages contain handwritten notes on the margin and

none of the content is responsive to plaintiff's FOIA request").  Furthermore, this document

reflects an attorney's trial preparation and personal evaluations of the plaintiff's case and so it

constitutes attorney-client work product.  DMSJ, Exh. 1 at ¶ 21.  Thus, exemption (b)(5) applies

to this document and defendant may withhold it from disclosure.

The single page of medical examiner's notes is also non-responsive – the notes contain **no** opinions. See DMSJ, Exh. 1 at ¶ 27. Even if these notes were considered responsive, however, they are exempt from disclosure under 5 U.S.C. § 552(b)(7)(c). Exemption 7(c) provides that information compiled for law enforcement purposes is exempt from mandatory release if its release could reasonably be expected to constitute an unwarranted invasion of personal privacy. This one page of medical examiner's notes was compiled to assist in the investigation and prosecution of the plaintiff. DMSJ Exh. 1 at ¶ 24. It also contains personal information. DMSJ Exh. 1 at ¶ 27. Thus, this page satisfies the conditions for exemption (b)(7)(c) and defendant is not required to disclose this single page to plaintiff.

## II.    DEFENDANT PERFORMED AN ADEQUATE SEARCH

Plaintiff asserts two ways in which he believes defendant's search of its records was inadequate, neither of which is sufficient to defeat summary judgment. First, plaintiff argues that defendant's search was unreasonable because it was too geographically confined (only limited to the District of Columbia). Pl. Opp. at 1; PSMF at 4. Second, plaintiff argues that defendant did not search for the documents requested in Exhibit D of his Complaint. Pl. Opp. at 1; Pl. Decl. Opp. at ¶ 8.

Plaintiff erroneously alleges that defendant's search was unreasonable because it was limited to the District of Columbia and did not involve a search of records housed in Suitland, Maryland. Pl. Opp. at 1; PSMF at ¶ 4; Pl. Dec. Opp. at ¶¶ 5,6. "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller v. Dept. of

State, 779 F.2d 1378, 1383 (8th Cir. 1985); Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978). The Declaration of David Luczynski, Attorney Advisor, Executive Office of U.S. Attorneys (Exhibit 1 to DMSJ) and Declaration of Linda McDonald, Operations Manager for the Superior Court Division, United States Attorney's Office (Exhibit 1, attached to this Reply) provide ample evidence of the reasonableness of defendant's search.

The Superior Court for the District of Columbia has a computerized docketing/case management system known as Court Information System (CIS). Declaration of Linda McDonald ¶ 4 ( "McDonald Decl."). This computerized system of records was replicated ("RCIS") by the USAO for the District of Columbia to  track cases or matters for the entire the Superior Court Division. Id. The RCIS system allows the user to search all USAO matters for a specific name. McDonald Decl. ¶ 5. The RCIS system is the current computerized record tracking system that is available and used by the USAO for the District of Columbia. McDonald Decl. ¶ 6. Due to the large number of files maintained by the Office (in excess of 70,000 files of which over 10,000 are active and 60,000 are closed files), any search for case related documents must be performed by the use of RCIS. Id. Files are closed on a timely basis and such records are shipped periodically to the Federal Records Center in Suitland, Maryland where they are maintained for a specified number of years (typically 10 years). Id.

On or about December 28, 2005, Linda McDonald performed a search on RCIS of all cases relating to Duane Johnson. McDonald Decl. ¶ 7; See also DMSJ, Exhibit 1, ¶ 14 ("The FOIA Contacts looked for records in the computer tracking system for the USAO/DC that were listed under the name "Johnson.'""). One closed case file was found in the name of Duane Johnson on this system. Id. On or about December 29, 2005, Ms. McDonald requested the

Closed Files Section in the USAO for the District of Columbia to order the closed case file from the Federal Records Center, in Suitland, Maryland.  McDonald Decl. ¶ 8.  The closed file for the Duane Johnson case was received on or about December 30, 2005.  Id.  When the box  arrived in her office, Ms. McDonald pulled all the records responsive to plaintiff's request and copied them.  Id.  She then forwarded  the copies of all records responsive to plaintiff's request to Ms. Tina Williams, Paralegal Specialist, USAO Civil Division for  transmittal to the EOUSA FOIA/PA Staff in Washington, D.C. for processing.  Id.

Ms. McDonald's Declaration indisputably refutes plaintiff's allegation that defendant's search was unreasonable because it was limited to the District of Columbia and did not involve a search of its records housed in Suitland, Maryland.  Thus, defendant's records search was appropriate in geographic scope.

Plaintiff also argues that defendant did not search for the records germane to his request.  Specifically, plaintiff alleges that the defendant did not search for records responsive to his August 4, 2005 request contained in Exhibit D of the Complaint.  Pl. Opp. at 1; Pl. Dec. Opp. at ¶ 8.   That request asked for a "Discovery information/packet pursuant to Brady v. Maryland that was provided to my trial attorney Frederick Sullivan in case #F-4696-94 in the Superior Court of the District of Columbia."  Compl., Exhibit D.   Notwithstanding that request was much ***broader*** than the search originally requested in January 6, 2005, defendant undertook a search that was reasonable in scope.  The materials requested in Exhibit D would likely have been located, if they existed, by Ms. McDonald's search.  See McDonald Decl. ¶ 7 (Linda McDonald performed a search on RCIS of ***all*** cases relating to Duane Johnson) (emphasis added) ; See also DMSJ, Exhibit 1, ¶ 14 ("The FOIA Contacts looked for records in the computer tracking system for the

USAO/DC that were listed under the name "Johnson."). Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Thus, defendant did a diligent search for all records germane to plaintiff's FOIA request.

Defendant's search was reasonable. The geographic scope of the search encompassed both the District of Columbia and the records facility in Suitland, Maryland. The subject matter scope of defendant's search covered all of plaintiff's FOIA requests. Accordingly, there is no genuine issue of material fact regarding the adequacy of defendant's search.

As a corollary to his assertion that defendant did not perform an adequate search, plaintiff asserts that "[i]t would be inequitable to now grant summary judgment even if defendant meet[s] the requirements for certain exemptions." PSMF at ¶ 5. There is *no* legal basis for this argument. In a FOIA suit an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). Accordingly, defendant is entitled to summary judgment because no there is no genuine issue of material fact and all responsive documents have either been produced or properly withheld under applicable exemptions.

## <u>CONCLUSION</u>

For the reasons set forth herein, as well as those set forth in defenant's motion for summary judgment, defendant respectfully requests that the Court enter judgment in defendant's favor.

August 9, 2006                                    Respectfully submitted,


_____/s/_____
KENNETH L. WAINSTEIN, D.C.  BAR# 451058
United States Attorney



_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney



_____/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-1249
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon *pro se* plaintiff by depositing

copies in the U.S. Mail, first class postage prepaid, addressed to:

**Duane Joseph Johnson**
**No. 09202-007**
**Petersburg Federal Correctional Institution**
**P.O. Box 90043**
**Petersburg, Virginia 23804**

on this 9th day of August 2006.


                                    /s/
_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-1249
(202) 514-8780 (facsimile)

8