# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DUANE JOSEPH JOHNSON,

                Plaintiff,

     v.

EXECUTIVE OFFICE FOR UNITED
STATES ATTORNEYS,

                Defendant.

Civil Action 06-0424 (RBW)

## MEMORANDUM OPINION and ORDER

       This matter is before the Court on defendant's motion for summary judgment. Having

considered the motion, plaintiff's opposition, and the entire record of this case, the Court will

grant the motion in part, and will deny the motion in part without prejudice.

### I.  BACKGROUND

       Plaintiff submitted a request for information to the United States Department of Justice,

Executive Office for United States Attorneys ("EOUSA"), under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552.  Complaint ("Compl.") ¶ 5.  He sought production of the following

documents:

> 1) The discovery request made by attorney Frederick J. Sullivan in the
> United States v. Duane Johnson, case No. F-4696-94[,] pursuant to
> Rosser v. United States, 381 A.2d 598, 605 n.6 (D.C. 1977), rule 16,
> Superior Court Rules Criminal Rules and, Brady v. Maryland, 373
> U.S. 83 (1963);
>
> 2) The Medical Examiner Dr. Humphrey Don Germaniuks' expert
> opinions, the bases and reasons for those opinions, and his

> qualifications that were provided in Assistant United States Attorney
> Steven S. McCool['s] Discovery packet requested by attorney
> Frederick J. Sullivan prior to trial in Case No. F-4696-94.

Compl., Exhibit ("Ex.") A (December 13, 2004  Freedom of Information Act (FOIA) Request).

The EOUSA's search located 10 pages of records.  Defendant's Memorandum of Points and

Authorities in Support of Motion for Summary Judgment ("Def.'s Mot."), Declaration of David

Luczynski ("Luczynski Decl.") ¶ 10.  Of these 10 pages, the EOUSA released in full a copy of

defense counsel's three-page "Request for Discovery and Inspection under Superior Court

Criminal Rule 16" filed in  Superior Court Criminal No. F-4696-94 in October 1994.  Luczynski

Decl. ¶ 11 & Ex. G.  The remaining seven pages were deemed unresponsive to the FOIA request,

and otherwise were withheld in full under FOIA Exemptions 5 and 7(C).  *Id.* ¶¶ 12, 20-23, 27.

In this action, plaintiff alleges that defendant wrongfully withheld these documents, and

demands their release in full.  Compl. at 3 (prayer for relief).

## II.  DISCUSSION

### A.  Summary Judgment Standard

Courts will grant summary judgment if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with supporting affidavits, show that there is no

genuine issue of material fact and that the moving party is entitled to judgment as a matter of

law.  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating an absence of a

genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual

assertions in the moving party's affidavits may be accepted as true unless the opposing party

submits his own conflicting affidavits or documentary evidence.  *Neal v. Kelly*, 963 F.2d 453,

456 (D.C. Cir. 1992).

2

In FOIA cases, the Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[1] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. and Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

## B.  Adequacy of Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998) (requiring agency to conduct search using methods reasonably expected to produce requested information). The agency bears the burden of showing that its

---

[1]    In support of the summary judgment motion, defendant submits the declaration of David Luczynski, Attorney Advisor with the EOUSA. Luczynski Decl. ¶ 1. Among other things, Mr. Luczynski reviews FOIA requests to United States Attorney offices throughout the country and case files arising from these requests. *Id.* He is authorized to release and withhold records requested under the FOIA. *Id.*, ¶ 2. He makes his declaration based on his review of EOUSA's official files, his knowledge of the FOIA, and his familiarity with EOUSA's procedures for responding to FOIA requests generally and for responding to plaintiff's request particularly. *Id.*, ¶¶ 2-3.

search was calculated to uncover all relevant documents. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id*. at 127. If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State*, 897 F.2d at 542.

Based on plaintiff's FOIA request and his conviction in the Superior Court of the District of Columbia, *see* Compl., Ex. A, EOUSA staff referred the request to the FOIA Contact for the District of Columbia. Luczynski Decl. ¶ 13. Each United States Attorney's Office maintains case files for criminal matters prosecuted by that office. Luczynski Decl. ¶ 13. The Legal Information Office Network System ("LIONS") is:

> the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. By use of the LIONS system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States Attorney's Office internal administrative number) and the district court case number

*Id.* ¶ 15. In addition to LIONS, United States Attorney's Office staff use the Public Access to Court Electronic Records ("PACER") system. *Id.* The record shows that, using plaintiff's surname as a search term, the LIONS search yielded one criminal case file in the Criminal Case File System (Justice/USA-007), <u>United States v. Duane Johnson</u>, which was maintained in the United States Attorney's Office for the District of Columbia ("USAO/DC"). Luczynski Decl. ¶¶ 15-16.

4

Plaintiff challenges the adequacy of the EOUSA's search for responsive records.  *See* Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Opp'n") at 1. He believes that the EOUSA "maintains/holds/hides/secrets and shield[s] records pertaining to criminal matters in a[n] archives located in Suitland[,] Maryland."  *Id.*, Pl.'s Decl. ¶ 6. According to plaintiff, the EOUSA's search is deficient because it was limited to USAO/DC files, and did not include National Archives and Records Administration files at a facility in Suitland, Maryland.  *Id.*, Statement of Genuine Issues of Material Fact Necessary to be Litigated in Opposition to Defendant's Motion for Summary Judgment ¶ 4.  In response to plaintiff's challenge, defendant explains that the relevant file was obtained from the Suitland, Maryland facility.  Defendant's Reply in Support of Summary Judgment, Declaration of Linda McDonald ("McDonald Decl.") ¶ 7.

The Superior Court's computerized docketing system, known as the Court Information System ("CIS"), is replicated by the USAO/DC ("RCIS") in order to track cases for its Superior Court Division.  McDonald Decl. ¶ 4.  When a new file or case is opened, the "Superior Court's Numbering Section will enter applicable information into the CIS computer system and assign the case or matter a case number which will be used as an internal tracking number" for the USAO/DC.  *Id.*  "The information entered into [CIS] is based on a series of individual records which are linked together, or related, in logical order.  These records may include, but are not limited to, the names of parties."  *Id.*  A user can search for records pertaining to a specific name using the RCIS.  *Id.* ¶ 5.

A search of the RCIS yielded one closed case file with the name Duane Johnson. McDonald Decl. ¶ 7.  That file was obtained from the Federal Records Center in Suitland,

Maryland. *Id.* The FOIA Contact then pulled all the records responsive to plaintiff's FOIA request, copied them, and forwarded them to the EOUSA for processing. *Id.*

The Court concludes that the EOUSA's search was reasonable under the circumstances and was calculated to locate responsive records. It is plaintiff's burden when challenging the adequacy of an agency's search to present evidence rebutting the agency's initial showing of a good faith search. *See Maynard v. Central Intelligence Agency*, 986 F.2d 547, 560 (1st Cir. 1993); *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351-52 (D.C. Cir. 1983). Mere speculation that his "files encompass[] more than ten pages," Pl.'s Opp'n at 1, is insufficient.[2] Plaintiff's challenge to the adequacy of the search therefore must be rejected.

*C. Exemptions*

In addition to asserting that seven of the 10 pages of records are not responsive to plaintiff's FOIA request, *see* Luczynski Decl. ¶ 12, the EOUSA has withheld all of them in full under Exemptions 5 and 7(C).

1. <u>Exemption 5</u>

Exemption 5 of the FOIA protects from disclosure "inter-agency or intra-agency memorand[a] or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "[T]he parameters of Exemption 5 are

---

[2]    The Court also rejects plaintiff's argument that his subsequent correspondence "to clarify the nature of [his] initial FOIA/PA request," Pl.'s Decl. ¶ 8 & Attach. (August 4, 2005 letter to M.A. O'Rourke, Asst. Dir., FOIA/PA Unit, EOUSA), requires any expansion of the scope of the EOUSA's search for responsive records. Plaintiff's purported clarification, a request for the "Discovery information/packet pursuant to <u>Brady v. Maryland</u> that was produced to [his] trial attorney Frederick Sullivan in case #F-4696-94 in the Superior Court of the District of Columbia," *id*., differs little in substance from his original FOIA request.

determined by reference to the protections available to litigants in civil discovery; if material is not 'available' in discovery, it may be withheld from FOIA requesters." *Burka v. United States Dep't of Health and Human Serv.*, 87 F.3d 508, 516 (D.C. Cir. 1996); *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975).

### a.  Attorney Work Product

Attorney work product is one type of material that is not available in discovery.  *See*, *e.g.*, *Federal Trade Comm'n v. Grolier, Inc.*, 462 U.S. 19, 27 (1983).  The attorney work product privilege protects material gathered and memoranda prepared by an attorney in anticipation of litigation.  *Hickman v. Taylor*, 329 U.S. 495 (1947).  Records are properly withheld as attorney work product if they contain the "mental impressions, conclusions, opinions or legal theories of an attorney" and were "prepared in anticipation of litigation."  Fed. R. Civ. P. 26(b)(3).   The privilege also "covers factual materials prepared in anticipation of litigation, as well as mental impressions, conclusions, opinions, and legal theories."  *Heggestad v. United States Dep't of Justice*, 182 F.Supp.2d 1, 8 (D.D.C. 2000) (citing *Tax Analysts v. Internal Revenue Serv.*, 117 F.3d 607, 620 (D.C. Cir. 1997)).

### b.  Deliberative Process

The deliberative process privilege "shields only government 'materials which are both predecisional and deliberative.'"  *Tax Analysts v. Internal Revenue Serv.*, 117 F.3d at 616 (quoting *Wolfe v. Dep't of Health and Human Servs.*, 839 F.2d 768, 774 (D.C. Cir. 1988) (en banc)).  To show that a document is predecisional, the agency need not identify a specific final agency decision; it is sufficient to establish "what deliberative process is involved, and the role played by the documents at issue in the course of that process."  *Heggestad v. United States*

7

*Dep't of Justice*, 182 F.Supp.2d 1, 7 (D.D.C. 2000) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980)).  A document is "deliberative" if it "makes recommendations or expresses opinions on legal or policy matters."  *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975).

The deliberative process privilege is designed to "prevent injury to the quality of agency decisions."  *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. at 151.  Such protection encourages frank discussion of policy matters, prevents premature disclosure of proposed policies and avoids public  confusion that may result from disclosure of rationales that were not ultimately grounds for agency action.  *See, e.g., Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982).  Attorney work product material is subject to protection under the deliberative process privilege.  *Heggestad v. United States Dep't of Justice*, 182 F. Supp.2d at 7.

### c.  Information Withheld Under Exemption 5

Of the 10 pages of responsive records located, six pages "appear to be a written closing statement of an attorney preparing his case," and contain handwritten notes in the margins. Luczynski Decl. ¶ 23.  They therefore contain attorney work product, "reflect[ing] such matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions pertinent to Plaintiff's criminal case."  *Id.* ¶ 21.  The declarant states that these pages "were prepared by or at the request or direction of an attorney, and [were] made in anticipation of or during litigation." *Id.*  In addition, these records reflect the "deliberative process of the United States Attorney's Office and other federal and state agencies in their consideration of possible criminal actions against the Plaintiff."  *Id.* ¶ 22.  Disclosure of such information, the declarant asserts, "would

reveal pre-decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies," and thus "would jeopardize the candid and comprehensive considerations essential for efficient and effective decision-making." *Id.*

Based on the declarant's description, the Court concludes that the information in these six pages properly was withheld under Exemption 5 as attorney work product or materials reflecting the agency's deliberative process.

### 2.  Exemption 7(C)

#### a.  Law Enforcement Records

Exemption 7 of the FOIA protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm.  5 U.S.C. § 552(b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982).  In order to withhold materials properly under Exemption 7, an agency must establish that the records at issue were compiled for law enforcement purposes, and that the material satisfies the requirements of one of the subparts of Exemption 7.  *See Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982).  In assessing whether records are compiled for law enforcement purposes, the "focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Jefferson v. Dep't of Justice*, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (citations and internal quotations omitted).

Defendant easily meets this threshold requirement.  Plaintiff's FOIA request clearly indicates his interest in acquiring information pertaining to his own criminal prosecution.  The responsive records, which were maintained in the Criminal Case File System, "pertain[] to the

9

investigation, prosecution, and conviction of the Plaintiff for his crimes involving the distribution of crack cocaine and murder." Luczynski Decl. ¶ 16.

b. Privacy Interests of Third Parties

Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(C). The exemption applies here. In determining whether Exemption 7 applies to particular material, the Court must balance the privacy interest of individuals identified in the records against the public interest in disclosure. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993). Individuals have a "strong interest in not being associated unwarrantedly with alleged criminal activity." *Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 91-92 (D.C. Cir. 1984). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).

The EOUSA explains that one page of the responsive records contains "a medical examiner's notes relating to the cause of death of the victim as well as other personal information." Luczynski Decl. ¶ 27. The document is withheld in full on the ground that release of information pertaining to a third party "could subject [him] to an unwarranted invasion of [his] personal privacy." *Id.* ¶ 25. Case law fully supports the EOUSA's decision insofar as it withholds the name or other information that would identify a third party.[3] *See, e.g., Rugiero v.*

_____

[3]        Although the declarant refers to "third parties," *see* Lucynski Decl. ¶¶ 25-26, it appears that the privacy interest at issue is only that of the victim, *see id.* ¶ 27.

*United States Dep't of Justice*, 257 F.3d 534, 552 (6ᵗʰ Cir. 2000) (concluding that agency properly withheld "identifying information on agents, personnel, and third parties after balancing the privacy interests against public disclosure"), *cert. denied*, 534 U.S. 1134 (2002); *SafeCard Serv., Inc. v. Sec. and Exchange Comm'n*, 926 F.2d at 1206 (holding that "names and address of private individuals appearing in files within the ambit of Exemption 7(C) . . . is exempt from disclosure").

Exemption 7(C) recognizes that the stigma of being associated with any law enforcement investigation affords broad privacy rights to those who are connected in any way with such an investigation unless a significant public interest exists for disclosure. *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. at 773-775; *SafeCard Serv., Inc. v. Sec. and Exchange Comm'n*, 926 F.2d at 1205-06. The disclosure of the names of private individuals mentioned in law enforcement files serves a significant public interest only where "there is compelling evidence that the agency denying the FOIA request is engaged in illegal activity," and that the information sought "is necessary in order to confirm or refute that evidence." *Davis v. United States Dep't of Justice*, 968 F.2d at 1282. Plaintiff demonstrates no such public interest with respect to the third party mentioned in the responsive records. This privacy interest survives the victim's death. *See Blanton v. United States Dep't of Justice*, 63 F.Supp.2d 35, 46 (D.D.C. 1999) (concluding that names of informants who may be dead are properly withheld under Exemption 7(C)); *cf. Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 170 (2004) (holding that "FOIA recognizes surviving family members' right to personal privacy with respect to their close relative's death-scene images").

11

*D.  Segregability*

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions.  *Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b).  The Court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof."  *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991) (quoting *Church of Scientology of California v. United States Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)).

From the declarant's description of the six pages of records withheld under Exemption 5, the Court concludes that there is no reasonably segregable information for release to plaintiff.  However, the Court cannot make such a determine with respect to the one-page document withheld under Exemption 7(C), containing a medical examiner's notes.  This omission precludes the Court from granting in total defendant's motion for summary judgment.

Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment [Dkt. #9] is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE.  The EOUSA conducted an adequate search for records responsive to plaintiff's FOIA request, properly withheld six pages of records in full under Exemption 5, and properly withheld the names of and identifying information about third parties mentioned in the one-page containing a medical examiner's notes.  It is further

ORDERED that defendant shall renew its motion with respect to the segregability of any information contained in the one-page document containing a medical examiner's notes. Defendant may file any paper under seal or may submit any document for *in camera* review as it deems appropriate.

SO ORDERED.

_____
REGGIE B. WALTON
United States District Judge

Date: