IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| DUANE J. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-0424 (RBW) |
| ) | |
| EXECUTIVE OFFICE FOR THE ) | |
| UNITED STATES ATTORNEYS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

Defendant, United States Department of Justice on behalf of its sub-component the Executive Office for United States Attorneys (EOUSA) pursuant to Fed. R. Civ. P. 56 and the Court's Order, dated December 5, 2007, moves this Court for an order granting summary judgment in its favor. In support of this motion, defendant respectfully incorporates by reference, its Motion for Summary Judgment filed June 26, 2006 and supporting documents, see PACER Court Docket ( R.) 9, and submits the attached Memorandum of Points and Authorities, Statement of Material Facts not in Genuine Dispute, the Supplemental Declaration of David Luczynski, Attorney for (EOUSA) and a proposed Order.

Plaintiff should take notice that any factual assertions contained in the declaration in support of defendant's motion will be accepted by the Court as true unless plaintiff submits his own declaration or other documentary evidence contradicting the assertions in the attached declarations. See, Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal Rules of Civil Procedure which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be

supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.  Fed.R.Civ.P. 56(e).

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 171538
Assistant United States Attorney

_____/s/
_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| DUANE J. JOHNSON, | ) |
|    Plaintiff, | ) |
| v. | )    No. 06-0424 (RBW) |
| EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEYS, | ) |
|    Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
RENEWED MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Duane Johnson, is a federal prisoner currently incarcerated at FCI, Petersburg, VA. On February 2, 2007, this Court granted part of Defendant's Motion for Summary Judgment in response to plaintiff's Complaint and on April 9, 2007, directed defendant to renew it's motion for summary judgment with respect to the segregability of one document dated April 27, 1996. On December 5, 2007, this Court ordered that Defendant release to plaintiff a redacted copy of the one page of medical examiner's notes.

Through this motion, defendant United States Department of Justice (DOJ) on behalf of its sub-component, the EOUSA, hereby requests that the Court enter summary judgment in its favor and dismiss this matter with prejudice. As set forth below, the EOUSA has complied with the Court's December 5, 2007 Order and has released the single document ordered to be released.

**LEGAL STANDARD**

A.  **Standard for Summary Judgment**

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one

that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 2d 1560, 1563 (Fed. Cir. 1987).  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find he is entitled to relief.  In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.  477 U.S. at 322-23.

In Anderson the Supreme Court explained under what circumstances summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff.

Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).  In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an

integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.[1] See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)). In a FOIA suit an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] "when the affidavits describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the

---

[1] For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).

claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" Trans Union LLC v. Federal Trade Commission, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)); see also Public Citizen, Inc. v. Dept. of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000); McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983); Citizens Commission on Human Rights v. FDA, 45 F.3d 1325, 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991). When the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant. Perry v. Block, 684 F.2d 121 (D.C. Cir. 1982).

## ARGUMENT

**A.    Since The Documents Have Been Produced, The Case Is Now Moot**

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" Allen v. Wright, 468 U.S. 737, 750 (1984). See also U.S. Const. Art. III § 2, cl. 1; O'Shea v. Littleton, 414 U.S. 488, 493-94, 504 (1974) (federal courts must not render advisory opinions). The mootness doctrine requires that a case and controversy exist throughout the course of a litigation. See Arizonans for Official English v. Arizona, 520 U.S. 43, 45 (1997) ("an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed"), quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (internal quotation omitted); Wyoming Outdoor Council v. U.S. Forest Service, 165 F.3d 43, 47-48 (D.C. Cir. 1999) (citing Louisiana Envtl. Action Network v. Browner, 87 F.3d 1379, 1382 (D.C. Cir. 1996)); Honig v.

Doe, 484 U.S. 305, 317, (1988); Fraternal Order of Police, D.C. v. Rubin, 134 F. Supp. 2d 39, 41-42 (D.D.C. 2001) (if a case becomes moot at any stage of the proceedings, the court no longer has jurisdiction and matter must be dismissed).  Thus, even where litigation poses a live controversy when filed, the mootness doctrine requires a federal court to refrain from deciding the case if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more than speculative chance of affecting them in the future." Transwestern Pipeline Co. v. FERC, 897 F.2d 570, 575 (D.C. Cir.), cert. denied, 498 U.S. 952 (1990).

It is well established that, under FOIA, "once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made." Crooker v. United States State Dep't, 628 F.2d 9, 10 (D.C. Cir.1980).  See also Ackerly v. Ley, 420 F.2d 1336, 1340 (D.C. Cir.1969) (once records sought in FOIA action are produced, substance of controversy disappears and becomes moot since disclosure which suit seeks has already been made); Misegades & Douglas v. Schuyler, 456 F.2d 255, 256 (4th Cir. 1972); Frank v. U.S. Dept. of Justice, 941 F. Supp. 4, 5 (D.D.C. 1996) ("[a]ll documents found responsive to the request having been released to the requestor, the action is moot") (quoting Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir.1987)).  Once the responsive records have been provided, there is no additional relief that can be obtained.  This is true even if the records were released after the federal complaint was filed, as in this case.  See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987) ("[H]owever fitful or delayed the release of information . . . if we are convinced that [the agency has] belatedly released all non-exempt material, we have no further judicial function to perform under the FOIA.") (quoting Perry v. Block, 684 F.2d 121, 125 (D.C. Cir.

5

1982)); see also Webb v. Dep't of Health and Human Services, 696 F.2d 101, 107-08 (D.C. Cir. 1982) ("Granting full access to the requested documents ... terminates a FOIA action ... .").

In the case at bar, all records to which Plaintiff is entitled have now been provided to him, which renders the case moot. There is no colorable case and controversy remaining, and thus no Article III subject-matter jurisdiction. Accordingly, the case should be dismissed.

## CONCLUSION

Defendant has demonstrated that it responded properly to plaintiff's FOIA request, releasing to him all records to which he is entitled pursuant to this Court's rulings, including a redacted copy of the one page of medical examiner's notes. Accordingly, defendant respectfully requests that its motion for summary judgment be granted.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 171538
Assistant United States Attorney

/s/
_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building

        555 4th Street, N.W.  Civil Division
        Washington, D.C.  20530
        (202) 514-7238 514-8780 (Facsimile)
        Benton.Peterson@usdoj.gov

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that on this 14th day of January, 2008, the defendant's Renewed Motion for Summary Judgment was served by first class United States mail, postage prepaid to:

Duane Joseph Johnson, *pro se*
R09202-007
Petersburg Federal Correctional Institution
PO Box 90043
Petersburg, VA 23804

                                   BENTON G. PETERSON
                                   Assistant United States Attorney
                                   Judiciary Center Bldg.
                                   555 Fourth Street, NW
                                   Washington, D.C. 20530
                                   (202) 514-7238