IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE JOSEPH JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> JUSTICE and EXECUTIVE OFFICE OF ) <br> UNITED STATES ATTORNEYS, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 1:06-CV-00424-RBW |

### SUPPLEMENTAL DECLARATION OF DAVID LUCZYNSKI

1. This is a supplemental declaration describing the steps taken in this case per the Court's Order.

2. On November 30, 2007, the Court decided that "even though little, if any, useful information remains after the exempt information is redacted, the Court concludes that the redacted document can be released to plaintiff."

3. The Court's instructions were to release the document to the Plaintiff within 30 days of the Order.

4. Consequently, EOUSA sent Plaintiff a letter informing him of his supplemental release of 1 page of records, as ordered by the Court. The redacted page in question was attached to the letter. **Exhibit A**.

5. Due to the timing of the deadline for release of the document, which fell in the middle of a hectic holiday season, the document was accidentally not marked with a date stamp. This

makes identification of the precise day when it was released impossible to identify. EOUSA makes every effort to ensure the records reach the requester, and as an added precaution has re-sent the record to the requester on January 8th, 2008.

## CONCLUSION

8. Each step in the handling of Mr. Johnson's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 14th, 2008.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757 Fax 202-616-6478*

Requester: __Johnson, Duane__          Request Number: __06-604__

Subject of Request: __Supplemental Release/DDC__

Dear Requester:

JAN 8 2008

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a supplemental reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

    To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ X ] partial [ ] full denial.

    Enclosed please find:

_____ page(s) are being released in full (RIF);
__1__ page(s) are being released in part (RIP);
_____ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

    In addition, this office is withholding approximately _____ page(s) of grand jury material which is retained in the District.

    The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

<u>Section 552</u>                                     <u>Section 552a</u>

| | | | | |
|---|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(4) | [ ] (b)(7)(B) | | [ ] (j)(2) |
| [ ] (b)(2) | [ ] (b)(5) | [ X ] (b)(7)(C) | | [ ] (k)(2) |
| [ ] (b)(3) | [ ] (b)(6) | [ ] (b)(7)(D) | | [ ] (k)(5) |
| _____ | [ ] (b)(7)(A) | [ ] (b)(7)(E) | | [ ] _____ |
| | | [ ] (b)(7)(F) | | |

**A**

This is the final action this office will take concerning your request.

You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to: **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.**

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)

(Page 2 of 2)

Form No. 021 - no fee-
2/04

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)     (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

### SUBSECTION OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals, except records of arrest;

(k)(1)     information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

FBI/DOJ

| | |
|---|---|
| Name | 7c |
| Autopsy (Yes) (No): | Performed by Dr. GERMANIUK |
| Cause of Death: A | GUNSHOT WOUNDS OF THE NECK |
| Due to: B | |
| C | |
| D | |
| Manner of Death: | HOMICIDE |
| Remarks: | 7c |

Date _____  Case No. 7c-94
Date 4-2?-94

## IDENTIFICATION

| | |
|---|---|
| Name 7c | Name |
| Address 7c | Address |
| Relation " | Relation |
| Phone " | Phone |
| Identified to 7c | Date 4-24-94 |
| Undertaker 7c | Time 1:15p |
| License No: | Released by: |