UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUANE JOSEPH JOHNSON,

           Plaintiff,

v.

EXECUTIVE OFFICE FOR UNITED
STATES ATTORNEYS,

           Defendants.

Civil Action 06-0424 (RBW)

## ORDER

Defendant has filed a renewed motion for summary judgment pursuant to Rule 56 of the Federal Rule of Civil Procedure. Because the Court's ruling on this motion may dispose of the case, plaintiff will have an opportunity to respond to the motion. The Court advises the *pro se* plaintiff of his obligations under the Federal Rules of Civil Procedure and the local rules of this Court.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. Subsequently, in *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). The court in *Neal* also specified that the "text of Rule 56(e) should be part of the notice" issued to the *pro se* litigant. *Id.*

> Under Rule 56(e) of the Federal Rules of Civil Procedure,
>
> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e). Thus, parties, such as plaintiff, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient.

Accordingly, it is hereby

ORDERED that plaintiff shall file a response to renewed motion for summary judgment by **February 1, 2008**. Plaintiff's failure to respond timely may result in the entry of a judgment in defendant's favor.

SO ORDERED.

                                                          /s/
                                        REGGIE B. WALTON
                                        United States District Judge

Date: January 15, 2008